UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRANCE TURNER,

                Plaintiff,

-against-

AUTOMOBILI LAMBORGHINI AMERICA, *et al.*,

                Defendants.

23-CV-8646 (LTS)

ORDER TO SHOW CAUSE FOR
BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Terrance Turner filed this action *pro se*. On May 11, 2023, the United States District Court for the Northern District of Texas held, in *Turner v. Trugreen Ltd. P'ship, et al.*, No. 3:23-CV-989-G-BK (N.D. Tex. May 11, 2023), that Turner was barred from filing future actions *in forma pauperis* (IFP) in the Northern District of Texas or "any other federal court," without first obtaining leave of court to do so. The district court noted that "any case filed, removed, or transferred without the applicable filing fee, in which he is the plaintiff, should not be reviewed . . . ." *See Id.*; *see also Turner v. LegalMatch, et al.*, No. 3:23-CV-993-G-BK (N.D. Tex. May 11, 2023) (same).[1]

      On October 2, 2023, Plaintiff filed five new actions in this district, including this one.[2] In this action, he seeks leave to proceed IFP and indicates in his IFP Application that he is

---

[1] In *Turner v. Food and Drug Admin.* No. 3:23-CV-0977-X-BK, 2023 WL 4109782 (N.D. Tx. June 1, 2023), the court consolidated 16 *pro se* actions that Plaintiff Terrance Turner had filed before the bar was imposed, found them to be "both delusional and deficient," and dismissed them with prejudice as frivolous and malicious. The court noted that Turner had already filed more than 60 lawsuits throughout the United States during the last two years, and that other courts had found his pleadings to be "illogical and unintelligible." *Id.* at *1.

[2] In this complaint, which names 15 defendants, including the Federal Bureau of Investigation, Secret Service, Central Intelligence Agency, Internal Revenue Service, and other federal agencies, Plaintiff seeks to prosecute claims on behalf of alleged victim "Reginald

"functioning through this MK Ultra Mind Control routine where they control [his] ability to potentially reach out to and generate customers." (ECF 2 at 1.)

The Northern District of Texas has issued a prefiling injunction barring Plaintiff from proceeding IFP in any district court, in any new action brought after May 11, 2023, without prior leave of court. This action, in which Plaintiff seeks to proceed IFP and has not complied with the prefiling injunction requiring him to seek leave of court, is within the scope of that order.[3]

Because Plaintiff proceeds *pro se*, the Court grants Plaintiff leave to submit a written declaration, within 30 days of the date of this order, showing cause why he should not be deemed barred, under *Turner v. Trugreen Ltd. P'ship, et al.*, No. 3:23-CV-989-G-BK (N.D. Tex. May 11, 2023), from filing any action IFP in this court after May 11, 2023, without prior permission. If Plaintiff does not file a declaration within the time allowed, or if the declaration does not show sufficient reason why the Court should not apply the bar, the Court will dismiss this action on the ground that the May 11, 2023 order bars Plaintiff from proceeding IFP in any district court without first obtaining leave of court to file any such action.

## CONCLUSION

The Court directs Plaintiff to submit a written declaration, within 30 days of the date of this order, showing cause why the Court should not apply the May 11, 2023 order, which bars him from filing further actions IFP without prior permission, to this and any other such action filed in this district. *See* 28 U.S.C. § 1651. If Plaintiff does not file a declaration within the time

---

Glover," of California, arising from the theft of Glover's 2020 Lamborghini Urus. He styles himself as an attorney with bar number "INTERPOL SEC BAR 431170909," acting on behalf of "Service Zero Professional Services." (ECF 1 at 5.)

[3] Any other action that Plaintiff has filed in this district after May 11, 2023, and in which he seeks leave to proceed IFP, would also be within the scope of the bar order.

allowed, or if his declaration does not show sufficient reason why the Court should not apply the May 11, 2023 bar in this district, the Court will dismiss this action on the ground that he is barred, after May 11, 2023, from filing any new action IFP without leave of court, which he has not obtained in this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 20, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge